IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:07-cr-00040 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HERBERT S. MONCIER, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S APRIL 21, 2010 MOTIONS**

Before the Court are five April 21, 2010, Motions filed by Defendant Herbert S. Moncier. (See Dkt. Nos. 106, 108-10, 112.) Moncier, a licensed attorney in the State of Tennessee, is acting as his own attorney. Moncier's Motions ask the Court 1) to dismiss the charges against him because his retrial would violate the Double Jeopardy Clause of the Fifth Amendment; 2) to dismiss the charges because the government has violated the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.; 3) to empanel a jury to hear his trial; 4) to require the United States Attorney to provide a list of all witnesses the government intends to call; and 5) for an extension of time in which to file additional motions. The government responded in opposition to Moncier's Motions on April 26 and 29, 2010. (See Dkt. Nos. 119-20, 126, 128.) Moncier replied to the government's responses on

May 7, 2010. (See Dkt. No. 138.) The Court GRANTS Moncier's Motion for an Extension of Time, and DENIES his other four Motions.

**I.   BACKGROUND**

Pursuant to Federal Rule of Criminal Procedure 42(a), on April 18, 2007, Judge J. Ronnie Greer of the United States District Court for the Eastern District of Tennessee provided notice to Moncier that he was charged with criminal contempt of court, in violation of 18 U.S.C. § 401(1), (3). (See Complaint/Order Notice of Charges, Dkt. No. 1.) The charges arose from Moncier's actions at a November 17, 2006, sentencing hearing before Judge Greer. (Id. at 1.) The case proceeded to a bench trial on April 24, 2007, after which Judge Greer found Moncier guilty of criminal contempt. (Memorandum Opinion and Order, Dkt. No. 44, at 26.) Following an August 27, 2007, sentencing hearing, Judge Greer sentenced Moncier to one year of probation, a $5,000 fine, and a $10.00 special assessment. (Judgment as to Herbert Moncier, Dkt. No. 71, at 2, 4.)

Moncier appealed his conviction to the United States Court of Appeals for the Sixth Circuit. (See Notice of Appeal, Dkt. No. 68.) After the submission of written briefs and oral argument, the Sixth Circuit issued a published opinion reversing Moncier's conviction. See United States v. Moncier, 571 F.3d 593, 594 (6th Cir. 2009). The Sixth Circuit held that Federal

Rule of Criminal Procedure 42(a)(3) required Judge Greer to disqualify himself from presiding over Moncier's trial because Moncier's actions involved disrespect toward Judge Greer. Moncier, 571 F.3d at 599-600. The opinion also found that Moncier's actions could constitute criminal contempt and ordered that Moncier be retried before a different district judge. Id. at 598-600. Moncier sought Supreme Court review of the Sixth Circuit's holding that found his actions could constitute criminal contempt of court. On March 29, 2010, the Supreme Court denied his petition for a writ of certiorari. Moncier v. United States, 78 U.S.L.W. 3564 (2010) (order denying certiorari). Following the Supreme Court's denial of certiorari, the undersigned was appointed on April 19, 2010, to preside over Moncier's retrial. (See Order of Reassignment, Dkt. No. 102.)

**II. ANALYSIS**

Moncier first argues that the government may not retry him because any retrial would violate the Double Jeopardy Clause of the Fifth Amendment of the Constitution. It is well-established, however, that, where an appellate court reverses a defendant's conviction for an error at trial, rather than for insufficiency of the evidence, the Fifth Amendment does not bar retrial. See Burks v. United States, 437 U.S. 1, 15-16 (1978); Dye v. Hofbauer, 197 F. App'x 378, 382 (6th Cir. 2006); see also

Patterson v. Haskins, 470 F.3d 645, 657 (6th Cir. 2006) ("[A] retrial is not barred by Burks unless and until an appellate court enters judgment reversing a conviction on the ground that the evidence was insufficient to support the conviction."). The Sixth Circuit based its reversal on Judge Greer's failure to disqualify himself. Moncier, 571 F.3d at 600. It explicitly rejected Moncier's argument that the evidence was insufficient to convict him of criminal contempt. Id. at 598-99. Because the Sixth Circuit reversed Moncier's conviction based on a trial error, double jeopardy does not bar his retrial. His Motion to Dismiss is DENIED. Patterson, 470 F.3d at 657.

Moncier next argues that the Court should dismiss the charges against him because the government has violated the Speedy Trial Act. See 18 U.S.C. § 3161(e) (providing that a retrial should occur "within seventy days from the date the action occasioning the retrial becomes final"). Moncier asserts that he has never consented to the tolling of the Speedy Trial Act's seventy-day clock. (Motion to Dismiss, Dkt. No. 108, at 4.) The Speedy Trial Act applies to "defendant[s] charged in an information or indictment with the commission of an offense." 18 U.S.C. § 3161(c)(1). The Act defines an "offense" as "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress (other than a Class B or C misdemeanor or an

4

infraction. . . )." 18 U.S.C. § 3172(2) (emphasis added). This Court has stated on the record that, should the Court convict Moncier, he will face a sentence of no more than six months' incarceration. A crime for which a defendant faces a sentence of six months or less is a class B misdemeanor. See 18 U.S.C. § 3581(b)(7). Therefore, because Moncier is not charged with an "offense" as that term is defined by the Speedy Trial Act, the Act's protections do not apply. See United States v. Baker, 641 F.2d 1311, 1319 (9th Cir. 1981).

Even assuming that the Speedy Trial Act applies, Moncier's argument is unpersuasive. The Sixth Circuit issued its mandate on October 5, 2009, following its denial of Moncier's petition to rehear the case en banc. Twenty-four days later, following an October 29, 2009, telephonic conference, Judge R. Allen Edgar entered an order reflecting that all parties had agreed to "h[o]ld in abeyance and stay[]" all proceedings in Moncier's case pending the Supreme Court's disposition of his petition for certiorari, stopping the Speedy Trial Clock.[1] (Order, Dkt. No. 92, at 1.) The Court instructed Moncier to "promptly notify" it of the Supreme Court's decision. (Id.) The Supreme Court denied Moncier's petition on March 29, 2010, Moncier, 78

---

[1] For purposes of this Motion, the Court will accept Moncier's argument that the Speedy Trial Clock begins to run on the issuance of the mandate of the appellate court, rather than the disposition of any petition for certiorari. See United States v. Scalf, 760 F.2d 1057, 1059 (10th Cir. 1985) (holding that a petition for certiorari has no effect on the finality of an appellate decision unless the mandate of the appellate court is stayed or withdrawn).

5

U.S.L.W. at 3564, starting the clock once again. Moncier filed his first pre-trial motions twenty-three days later on April 21, 2010, again halting the seventy-day clock. See 18 U.S.C. § 3161(h)(1)(D). At most, 47 days have run on the Speedy Trial Clock, well short of the seventy-day limit.[2] Moncier's Motion to Dismiss based on the Speedy Trial Act is DENIED.

Moncier's third argument is that this Court should order a jury trial on the contempt charge. Moncier raised this issue in his initial appeal to the Sixth Circuit. See Brief of Appellant at 62-64, United States v. Moncier, 571 F.3d 593 (6th Cir. 2009) (No. 07-6053). The Sixth Circuit rejected Moncier's argument and held that his retrial "should be unencumbered by any of the arguments in Mr. Moncier's brief" to the appellate court. Moncier, 571 F.3d at 600; see also Taylor v. Hayes, 418 U.S. 488, 495 (1974) ("[P]etty contempt like other petty criminal offenses may be tried without a jury and . . . contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute."). Moncier's Motion for a Jury Trial is DENIED.

Moncier next asks that the Court require the United States Attorney to turn over a list of all witnesses that the government may call to testify against him. As Moncier

---

[2] $24 + 23 = 47 < 70$

acknowledges, a non-capital criminal defendant has no right to a list of the government's witnesses against him. United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993); cf. 18 U.S.C. § 3432 (providing that capital defendants must "be furnished with a [list] . . . of the witnesses to be produced on the trial for proving the indictment"). However, a district court may exercise its inherent power and require the government to prepare such a list. See United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980). This case does not involve "large number[s] of defendants, witnesses, and exhibits," factors that other courts have considered when granting defendants' motions for a witness list. See United States v. Jackson, 508 F.2d 1001, 1007 (7th Cir. 1975). "Certainly, the defendant would be better prepared to meet the government's accusations if he had more information about the witnesses he may face at trial. This, however, does not distinguish the defendant from most, if not all, criminal defendants." United States v. Tyler, No. 3:08-CR-181, 2009 U.S. Dist. LEXIS 31769, at *10 (E.D. Tenn. Apr. 15, 2009). Because Moncier has failed to demonstrate a sufficient reason to take the unusual step of requiring the government to prepare a witness list before trial, the Court DENIES Moncier's Motion.

Moncier's final Motion requests a one-day extension, until April 22, 2010, to file additional motions and requests leave to

file further motions following the filing of any pre-trial motions by the United States Attorney. On April 22, 2010, Moncier filed an additional five pre-trial Motions. (See Dkt. Nos. 113-17.) For good cause shown, Moncier's Motion requesting a one-day extension to file additional motions and requesting permission to file further motions following any filing of pre-trial motions by the government is GRANTED.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Moncier's Motion for an Extension of Time in Which to File Motions. (See Dkt. No. 112.) Moncier's Motions to Dismiss, for a Jury Trial, and for a Witness List are DENIED. (See Dkt. Nos. 106, 108-110.)

So ordered this 10th day of May, 2010.

    s/ Samuel H. Mays, Jr.
    SAMUEL H. MAYS, JR.
    UNITED STATES DISTRICT JUDGE