```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF TENNESSEE
            GREENEVILLE DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**HERBERT S. MONCIER,** )<br>)<br>**Defendant.** ) | **Case No. 2:07-cr-00040** |

**ORDER DENYING DEFENDANT'S APRIL 22, 2010 MOTIONS**

Before the Court are Defendant Herbert S. Moncier's four April 22, 2010, Motions. (See Dkt. Nos. 113-16.) Moncier, a licensed attorney in the State of Tennessee, is acting as his own attorney. Moncier's Motions ask the Court 1) to declare all prior proceedings in his case "void"; 2) to limit its consideration of all prior proceedings; 3) to disqualify the Office of the United States Attorney for the Eastern District of Tennessee; and 4) to dismiss the contempt charges against him because his initial trial violated the Speedy Trial Act, 18 U.S.C. § 3161. The government responded in opposition on April 26 and 29, 2010. (See Dkt. Nos. 119, 121-22, 129.) Moncier replied to the government's responses on May 7, 2010. (See Dkt. Nos. 133-34, 139.) The background of this case is discussed in the Court's Order of May 10, 2010. See United States v.

Moncier, No. 2:07-cr-00040, 2010 U.S. Dist. LEXIS 45582, at *2-3 (E.D. Tenn. May 10, 2010). For the following reasons, the Court DENIES Moncier's Motions.

Moncier's first two Motions jointly seek to limit the Court's ability to consider prior proceedings in this matter. Specifically, Moncier seeks to prohibit the Court from "read[ing] prior opinions or proceedings pertaining to [Moncier] except where offered as evidence by the prosecution or [Defendant]." (Defendant's Motion for Court to Limit Consideration of Prior Proceedings, Dkt. No. 114, at 1.) He asserts that all prior proceedings in his case "are void, a nullity and cannot be considered by this Court for any reason." (Defendant's Motion That All Proceedings Before the Disqualified Judge Are Void, a Nullity and Cannot Be Considered for Any Reason, Dkt. No. 113, at 1.) The Sixth Circuit reversed the conviction that resulted from Moncier's criminal contempt trial before Judge Greer. Moncier, 571 F.3d at 594. Therefore, Moncier stands before the Court an innocent man unless and until the government proves that he is guilty of the charged offense by competent evidence beyond a reasonable doubt. See generally In re Winship, 397 U.S. 358, 362 (1970) (holding that "proof of a criminal charge beyond a reasonable doubt is constitutionally required"). The Court will judge Moncier's guilt or innocence solely on the basis of the evidence and testimony presented at

his retrial. However, the Court must be able to refer to the prior proceedings before Judge Greer to fulfill the order of the Sixth Circuit that none of the issues brought before Judge Greer and decided on appeal should encumber Moncier's retrial. See Moncier, 571 F.3d at 600. The Court cannot know what issues Moncier has raised previously without examining the prior record. To avoid violating the Sixth Circuit's mandate, Moncier's first two Motions must be DENIED.

After requesting that the Court disregard all that has come before, Moncier seeks in his final two Motions to reargue issues from the prior trial. First, Moncier has filed a Motion to Disqualify the Office of the United States Attorney for the Eastern District of Tennessee. (See Dkt. No. 115.) Although Moncier argues that "[c]hanged circumstances warrant" refiling this Motion, (id. at 1), a review of the Motion reveals that it is based on the same facts Moncier raised before both Judge Greer and the Sixth Circuit. Compare id. at 2 (noting the "strained relationship[]" between the office and Moncier and his prior issues with Assistant United States Attorney M. Neil Smith), with Brief of Appellant at 70-74, United States v. Moncier, 571 F.3d 593 (6th Cir. 2009) (No. 07-6053) (raising the same issues). The Sixth Circuit rejected Moncier's initial challenge. Moncier, 571 F.3d at 600. Because Moncier has not demonstrated any change in circumstances that would warrant

3

reconsideration, his Motion to Disqualify the United States Attorney is DENIED; see also id. (prohibiting relitigation during retrial of issues presented to Sixth Circuit).

Second, Moncier wishes to relitigate whether his initial trial before Judge Greer violated the Speedy Trial Act.[1] (See Motion for Leave to File Motion to Dismiss: Denial of Speedy Trial During Proceedings Before Disqualified Judge, Dkt. No. 116.) Moncier did not raise this issue in his appeal. Unless exceptional circumstances are present, "the law-of-the-case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal but were not." See United States v. Boudreau, 564 F.3d 431, 435 n.1 (6th Cir. 2009). Moncier offers no reason for his failure to raise on appeal the issue of whether his initial trial took place within the time allotted by the Speedy Trial Act. He may not raise it now. Id.

For the foregoing reasons, Defendant's Motions to Limit the Consideration of Prior Proceedings, Motion to Disqualify, and Motion to Dismiss are DENIED.

So ordered this 12th day of May, 2010.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court has denied Moncier's Motion to Dismiss in which he asserted that his retrial violates the Speedy Trial Act. See Moncier, 2010 U.S. Dist. LEXIS 45582, at *4-6.

4