**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Case No. 2:07-cr-00040** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **HERBERT S. MONCIER,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ON DEFENDANT'S DISCOVERY MOTIONS**

Before the Court are Defendant Herbert S. Moncier's four discovery Motions, filed on April 21, 2010. (See Dkt. Nos. 103-05, 107.) Moncier's Motions ask this Court to 1) dismiss the charge against him because an audiotape recording of the hearing at issue is no longer available; 2) order the government to provide all discovery required by Federal Rule of Criminal Procedure 16(a)(1); 3) require the government to provide notice of any evidence the prosecution intends to offer in its case-in-chief that is discoverable under Rule 16; and 4) order the government to provide any evidence of past crimes, wrongs, or acts it intends to offer under Federal Rule of Evidence 404(b). The government responded in opposition on April 29, 2007. (See Dkt. Nos. 123-25, 132.) Moncier replied to the government's responses on May 7, 2010. (See Dkt. Nos. 135-37.) The

background of this case is discussed in the Court's Order of May 10, 2010. See United States v. Moncier, No. 2:07-cr-00040, 2010 U.S. Dist. LEXIS 45582, at *2-3 (E.D. Tenn. May 10, 2010). For the following reasons, Moncier's Motion to Dismiss is DENIED and his Motions for Discovery are DENIED as MOOT.

Moncier first argues that the Court should dismiss the criminal contempt charge against him because an audiotape recording of the hearing at issue "is no longer available." (Defendant's Motion to Dismiss or Exclude Evidence, Dkt. No. 107, at 1.) ("Def's Mot.") Moncier asserts that the recording's disappearance is unexplained and constitutes bad faith on the government's part, warranting dismissal of the charge. (Id. at 2.)

In its response, the government asserts that it has never had possession of a tape of the November 17, 2006, hearing at which Judge J. Ronnie Greer held Moncier in contempt. (Gov't Response in Opposition to Defendant's Motion to Dismiss, Dkt. No. 132, at 3.) ("Gov't Resp.") Karen Bradley, the court reporter on duty at the hearing, created an audiotape recording to aid her in producing the official transcript. (Bradley Aff. ¶ 1.) Bradley's normal practice was to re-use her tapes as soon as she produced the official transcript, and she followed that procedure in this case. (Id.) Thus, "[t]he tape was destroyed during the ordinary course of business and was handled exactly

2

like other similar tapes." (Id. ¶ 2.) Most importantly, "No one from law enforcement, including the United States Attorney's Office, asked that the tape be destroyed." (Id.) Moncier has filed no reply disputing the government's explanation of the tape's unavailability.

The uncontroverted, sworn statements of the court reporter demonstrate that the information contained on the November 17 tape was lost when it was reused after Bradley had produced the final transcript. The tape was never under the control of the United States Attorney's Office and had been reused when Moncier made his initial request for production. (See id.) The government has not suppressed evidence favorable to Moncier or failed to preserve potentially useful evidence in bad faith. Cf. Arizona v. Youngblood, 488 U.S. 51, 55, 58 (1988). The transcript Bradley produced is the official record of what occurred at the hearing, and Moncier has made no allegation that it is incomplete or misleading. (See Def's Mot. at 1-2.) Moncier's Motion to Dismiss based on the unavailability of the audiotape is DENIED.

Moncier's final three Motions request discovery from the government under Federal Rules of Criminal Procedure 12 and 16 and Federal Rule of Evidence 404(b). The government responds that the proof in this case "will obviously be limited to the transcript of the hearing before U.S. District Judge Greer on

November 17, 2006, and what occurred in the courtroom that day." (Gov't Response to Defendant's Notice of Request for Pretrial Notice of Fed. R. Evid. 404(b) Evidence, Dkt. No. 125, at 1.) The government notes that Moncier "has had discovery in this case since 2007, and there is no new discovery." (Gov't Resp. to Defendant's Notice of Request for Fed. R. Crim. P. 16(a)(1) Discovery, Dkt. No. 123, at 1.) Although Moncier argues that the government may call witnesses at trial, Moncier will have ample opportunity to object to any witness the government calls. Because the government has turned over the official transcript and has indicated it has no other discovery, Moncier's Motions for Discovery are DENIED as MOOT.

So ordered this 13th day of May, 2010.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE