# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:07-cr-00040 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HERBERT S. MONCIER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAKE DEPOSITION AND MOTION TO PRODUCE

Before the Court are Defendant Herbert S. Moncier's June 11 and 16, 2010, Motions to Dismiss (Dkt. Nos. 147, 156); June 9, 2010, Motion to Take Deposition (Dkt. No. 145); and June 10, 2010, Motion to Produce (Dkt No. 146). Moncier's Motions argue that 1) the Court should dismiss the charge against him because it fails to state an offense; 2) the charge violates his Fifth Amendment right to a grand jury indictment; 3) he should be allowed to file a statement by Dr. Michael L. Eisenstadt; and 4) the Court should require the government to produce various documents at trial. The government responded in opposition to Moncier's Motions on June 14-16, 2010. (See Dkt. Nos. 150-52, 157.) The background of this case is discussed in the Court's Order of May 10, 2010. See United States v. Moncier, No. 2:07-

cr-00040, 2010 U.S. Dist. LEXIS 45582, at *2-3 (E.D. Tenn. May 10, 2010). For the following reasons, Moncier's Motions to DISMISS are DENIED. The Motion to Take Deposition and the Motion to Produce are GRANTED IN PART.

## I. ANALYSIS

### A. Motions to Dismiss

Moncier first argues that the Court should dismiss the criminal contempt charge. He asserts that the formal charge filed by Judge J. Ronnie Greer in accordance with Federal Rule of Criminal Procedure 42(a) fails to state an offense sufficiently. (Defendant's Motion to Dismiss for Failure of the Fed. R. Crim. P. 42 Notice to State an Offense, Dkt. No. 147, at 3-4.) Alternatively, Moncier asserts that he is entitled to the Fifth Amendment's guarantee that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury." (Defendant's Motion to Dismiss: Denial of Fifth Amendment Right to a Grand Jury, Dkt. No. 156, at 2-4.) Neither contention is persuasive.

Judge Greer notified Moncier of the charge against him according to the requirements of Rule 42. The Rule requires that the notice inform the defendant of 1) "the time and place of the trial," and 2) "the essential facts constituting the charged criminal contempt." Fed. R. Crim. P. 42(a)(1)(A) & (C). Courts interpreting those requirements have held that a notice

under Rule 42 satisfies due process if it "contain[s] enough to inform [the alleged contemnor] of the nature and particulars of the contempt charged." United States v. Linney, 134 F.3d 274, 279 (4th Cir. 1998) (citations and internal quotation marks omitted; alteration in original). The notice need not satisfy the level of specificity required of a formal indictment. United States v. Robinson, 449 F.2d 925, 930 (9th Cir. 1971); accord Linney, 134 F.3d at 279; United States v. Martinez, 686 F.2d 334, 345 (5th Cir. 1982).

Judge Greer's Notice adequately informs Moncier of the nature and particulars of the charge against him. The Notice states that "in the course of a hearing held on November 17, 2006, in knowing violation of the clear and specific directions from the Court [Moncier] interrupted the orderly process of the hearing." (Notice, Dkt. No. 1, at 1.) The Notice then quotes the entire portion of the transcript of the November 17 hearing constituting the allegedly contemptuous conduct. (Id. at 2-3.) Thus, Moncier is left in no doubt about the conduct he must defend at trial. That the Notice uses the word "directions" rather than "orders" is of no legal consequence. The Notice adequately informs Moncier of the details of the charges against him, which is all the law requires. Linney, 134 F.3d at 279; Martinez, 686 F.2d at 345; Robinson, 449 F.2d at 930. Moncier's Motion to Dismiss for Failure to State a Charge is DENIED.

Alternatively, Moncier argues that the Notice violates his Fifth Amendment right to grand jury presentment. The Fifth Amendment requires that the government initiate prosecution for any "infamous" crime by presentment to and indictment by a grand jury. U.S. Const. amend V. An infamous crime is one that is punishable by death, imprisonment in a <u>penitentiary</u>, or hard labor. <u>See</u> <u>United States v. Moreland</u>, 258 U.S. 433, 437 (1922); <u>Ex parte Wilson</u>, 114 U.S. 417, 427 (1885). A person may only be held in a penitentiary if he receives a sentence of more than one year in prison. 18 U.S.C. § 4083. Thus, where a defendant cannot receive a sentence of more than one year's imprisonment, the crime of which he is charged is not infamous. This Court has stated that Moncier will face no greater than six months' imprisonment. <u>See</u> <u>United States v. Moncier</u>, No. 2:07-cr-00040, 2010 U.S. Dist. LEXIS 45582, at *5 (E.D. Tenn. May 10, 2010). The Fifth Amendment's grand jury clause, therefore, is inapplicable. <u>See</u> <u>also</u> Fed. R. Crim. P. 7(a)(1) ("An offense (<u>other than criminal contempt</u>) must be prosecuted by an indictment if it is punishable . . . by imprisonment for more than one year." (emphasis added)); <u>United States v. Arredondo</u>, 349 F.3d 310, 316-17 (6th Cir. 2003) ("[T]he offended judge may initiate the [contempt] proceeding without indictment." (internal quotation marks and citation omitted)); <u>United States v. Nunn</u>, 622 F.2d 802, 804 (5th Cir. 1980) ("Due process does

not require, however, the interjection of a grand jury indictment into the criminal contempt process."). Moncier's Motion to Dismiss for Denial of Fifth Amendment Right to a Grand Jury is DENIED.

### B. Motion to Take Deposition

Moncier has filed a Motion to Take the Deposition of Dr. Michael L. Eisenstadt under Federal Rule of Criminal Procedure 15. With his Motion, Moncier has also filed an affidavit by Eisenstadt, in which the doctor avers that Moncier suffers from sleep apnea and that his lack of sleep may have affected his judgment at the November 17, 2006, hearing where Moncier was held in contempt. (Eisenstadt Aff., Dkt. No. 145-1, ¶¶ 7, 17-18.) The government argues that the evidence offered by Eisenstadt is not relevant to the trial; however, it does agree to stipulate that "the affidavit provided by defendant Moncier would be the testimony of Dr. Eisenstadt," making a deposition unnecessary. (Response of the United States to Defendant's Motion to Take Deposition, Dkt. No. 150, at 2.) Based on this stipulation, the Court GRANTS Moncier's alternative request to file the affidavit in lieu of a formal deposition. Should Moncier seek to introduce the affidavit at trial, the government may object to its relevance at that time.

### C. **Motion for Production**

Moncier's final Motion is a Motion for Production in which he requests 1) a diagram of the federal courtroom in Greenville, Tennessee, where the November 17, 2006, hearing occurred; 2) access to inspect, measure, and take pictures of the Greenville courtroom; 3) FBI and DEA files from the investigation and prosecution of Michael Vassar; 4) FBI and DEA files pertaining to himself; and 5) files of any other witness the prosecution intends to call that pertain to Vassar or himself. The government objects to Moncier's requests for document production, arguing that Moncier has failed to use the administrative process required to request the documents and that the documents are irrelevant to the trial. (Response of the United States to Defendant's Motion for Production, Dkt. No. 152, at 2-5.)

Moncier's second request asks the Court to allow Moncier to inspect the federal courtroom in Greenville, Tennessee, where the hearing in question occurred. The trial in this matter will take place in the Federal Courthouse in Knoxville, Tennessee, rather than the Greenville Federal Building. The Court GRANTS Moncier's request to inspect, measure, and take photographs of the federal courtroom in Greenville. However, Moncier may only enter the courtroom when it is not otherwise in use, may not disturb any other ongoing proceedings in the Greenville Federal

Building, and must generally comport himself in such a manner as to cause the least imposition possible on the Greenville court staff. With the photographs and measurements obtained, Moncier may create his own diagram or sketch of the courtroom. His request to require the government to produce such a diagram is DENIED.

Moncier's remaining requests ask the government to produce all files pertaining to the investigation of Moncier's client Vassar and any files pertaining to any investigation of Moncier himself. First, other than the Supreme Court's holding in Brady v. Maryland, 373 U.S. 83, 87 (1963), requiring the government to turn over evidence favorable to the accused, and those items listed in Federal Rule of Criminal Procedure 16(a), there generally is no discovery in criminal cases. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.").

Second, Moncier's document production requests for background information in the FBI's and DEA's investigations would not produce evidence relevant to this proceeding. To establish that Moncier is guilty of criminal contempt, the government needs to prove beyond a reasonable doubt that 1) Moncier engaged in "misbehavior"; 2) the misbehavior obstructed the administration of justice; 3) the misbehavior occurred in the court's presence; and 4) Moncier acted with "intent to

obstruct." <u>Vaughn v. City of Flint</u>, 752 F.2d 1160, 1167 (6th Cir. 1985). Whether Moncier's view of his ethical duties, as opposed to that of Judge Greer, is correct is irrelevant. "[L]awyers are required to obey even incorrect orders; the remedy is on appeal," not by revolting against the authority of the court. <u>In re Dellinger</u>, 502 F.2d 813, 816 (7th Cir. 1974). Even if Moncier could demonstrate that Judge Greer was in error or that another party also acted improperly, he would not have negated a necessary element of the offense of criminal contempt. Because there is no general right of discovery in criminal cases and the evidence that Moncier seeks is irrelevant, the Court DENIES the remainder of his Motion to Produce.[1]

## II.   CONCLUSION

The Court GRANTS Moncier's Motions to file the Eisenstadt Affidavit and gain access to and inspect the federal courtroom in Greenville, Tennessee, where the November 17, 2006, hearing occurred. Moncier's Motions to Dismiss and the remainder of his Motion to Produce are DENIED.

So ordered this 17th day of June, 2010.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the documents that Moncier seeks are irrelevant, the Court declines to address the government's argument that the <u>Touhy</u> regulations apply. <u>See</u> 28 C.F.R. §§ 16.21–.29.