IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:07-cr-00040 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HERBERT S. MONCIER, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

Before the Court is Defendant Herbert S. Moncier's June 11, 2010, Motion in Limine. (See Dkt. No. 149.) Moncier's Motion seeks to limit the testimony of all government witnesses to those events listed in Judge J. Ronnie Greer's formal contempt Notice. (See Dkt. No. 1.) Moncier asserts that allowing witnesses to testify about events that took place outside the two pages of the transcript where Moncier was held in contempt would 1) violate Judge Greer's sealing order and 2) constitute impermissible character evidence under Federal Rule of Evidence 404(b). (Defendant's Motion in Limine at 1-5.) ("Def's Mot.") The government filed its response in opposition on June 15, 2010. (See Dkt. No. 153.) The background of this case is discussed in the Court's Order of May 10, 2010. See United States v. Moncier, No. 2:07-cr-00040, 2010 U.S. Dist. LEXIS

45582, at *2-3 (E.D. Tenn. May 10, 2010). For the following reasons, the Court DENIES Moncier's Motion.

Moncier's first argument, that allowing witnesses to testify about the events that took place at the November 17, 2006, hearing would violate Judge Greer's order sealing that hearing, is unpersuasive. As Moncier notes in his Motion, Judge Greer unsealed the transcript of the hearing, and the entire transcript is available to the public through the Court's electronic case management system. (Def's Mot. at 2); see also United States v. Vassar, No. 2:05-CR-75, Order Unsealing Transcript (E.D. Tenn. March 1, 2007). Because Judge Greer unsealed the transcript of the hearing, testimony by the government's witnesses about what occurred at that hearing would not violate any order of the Court.

Moncier also suggests that the Court should grant his Motion because not doing so would unfairly prejudice his case. Moncier asserts that, except his client, Michael Vassar, the only people in the courtroom during the hearing were those there for the prosecution. (Def's Mot. at 2.) Moncier does not claim that the transcript of the proceedings on November 17 is biased or otherwise lacks credibility. The record in this case speaks for itself, and Moncier may rely on it in cross-examining any of the government's witnesses.

2

Moncier's second argument is that anything other than the proceedings transcribed on pages 106-107 of the transcript is irrelevant to his trial. He seeks to prohibit the government from introducing any evidence outside the events that occurred within the timeframe covered by those two pages. (Id. at 3-4.) Moncier asserts that any other evidence from the hearing would serve only to prove his character impermissibly because it would be evidence of other, prior acts. (Id. at 4); see also Fed. R. Evid. 404(b).

As the Sixth Circuit has noted, when a court tries a contempt case, "the final event in an unfortunate chain of occurrences [cannot] be realistically considered apart from what went before." United States v. Combs, 390 F.2d 426, 430 (6th Cir. 1968). Therefore, a court must consider the alleged contemptuous conduct in the context of the entire record. See id.; accord United States v. Moncier, 571 F.3d 593, 599 (6th Cir. 2009) (during Defendant's prior appeal, reviewing the record as a whole for evidence).

Background evidence, like the purpose of and events occurring at the November 17, 2006, hearing, "does not implicate Rule 404(b)." United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000) (citations omitted). Any "acts that are inextricably intertwined with the charged offense or . . . acts, the telling of which is necessary to complete the story of the charge

3

offense" are background evidence.  Id. (citations omitted). Because the final act in the "unfortunate chain of occurrences" leading to a contempt citation cannot be separated from those acts that came before, Rule 404(b) does not prohibit the government from introducing the entire transcript of the underlying proceeding or offering testimony about it.  See Combs, 390 F.2d 430.

Moncier has argued for the introduction of evidence about 1) the underlying prosecution of Vassar, 2) prosecutions of other defendants in tangentially-related cases, 3) the on-going feud between Assistant United States Attorney M. Neil Smith and himself, and 4) his diagnosis of sleep apnea.  Although the relevance of any of that evidence is questionable, the contents of the entire transcript of the November 17, 2006, hearing and what others present at that hearing witnessed is not.  They bear on the central issue before the Court.  Moncier's Motion in Limine is DENIED.

So ordered this 18th day of June, 2010.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE