```
IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF TENNESSEE
            GREENEVILLE DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Case No. 2:07-cr-00040 |
| Plaintiff, | ) |
| | ) UNDER SEAL |
| v. | ) |
| | ) |
| **HERBERT S. MONCIER,** | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court is Defendant Herbert S. Moncier's June 17, 2010, Sealed Motion for Reconsideration (see Dkt. No. 159) of the Court's June 16, 2010, Sealed Order denying Moncier's Motion to Issue and Serve a Subpoena on Assistant United States Attorney M. Neil Smith. (See Dkt. No. 158.) Moncier argues that the Court did not address the issue of whether Moncier may obtain a subpoena duces tecum to gain a report Smith wrote about an October 2005 statement made by Mark Thornton. (Defendant's Motion for Reconsideration, at 1.) Thornton, who was investigated for his involvement in the same drug conspiracy as Moncier's client Michael Vassar, reportedly told investigators that Vassar had knowledge of Harold Grooms' alleged involvement in the conspiracy. (Id.) Grooms, who has never been formally charged with a criminal offense, was also Moncier's client.

(Id.)  This information meant that Moncier's continued representation of both Vassar and Grooms might have been problematic because the two clients' interests conflicted. Moncier wants to subpoena the initial report to determine whether Smith's description of Thornton's remarks was correct or merely an effort to create a conflict and remove Moncier as Vassar's attorney. (Id. at 2.)  Moncier argues that the report would help him prove that his actions on November 17 were "reasonable" and not in knowing violation of Judge J. Ronnie Greer's order that Moncier not say another word. (Id. at 2-3.)

To establish that Moncier is guilty of criminal contempt, the government needs to prove beyond a reasonable doubt that 1) Moncier engaged in "misbehavior"; 2) the misbehavior obstructed the administration of justice; 3) the misbehavior occurred in the court's presence; and 4) Moncier acted with "intent to obstruct." Vaughn v. City of Flint, 752 F.2d 1160, 1167 (6th Cir. 1985).  Judge Greer ordered Moncier not to say another word. (See Notice, Dkt. No. 1, at 3.)  If Moncier spoke when a reasonable person would have known that he should not speak, Moncier's act was intentional.  See Vaughn, 752 F.2d at 1167 (defining intent as "proof of a volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." (internal quotation marks and citation omitted)).

Whether Smith honestly recounted his conversation with Thornton is immaterial in determining whether a reasonable person would have known "[O]ne more word, and you're going to jail" meant not to say anything else. (Notice at 3.) Because the evidence Moncier seeks to subpoena is irrelevant, the Court DENIES Moncier's Sealed Motion for Reconsideration. See United States v. Moore, 917 F.2d 215, 230 (6th Cir. 1990) (holding that, to be entitled to issue a subpoena, a defendant must demonstrate that any evidence gained would be relevant).

So ordered this 18th day of June, 2010.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE