```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TENNESSEE
                      GREENEVILLE DIVISION
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | Case No. 2:07-cr-00040 |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **HERBERT S. MONCIER,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER DENYING MOTION FOR A NEW TRIAL OR JUDGMENT OF ACQUITTAL**

Before the Court is Defendant Herbert S. Moncier's November 17, 2010 Motion for a New Trial or Judgment of Acquittal. (See ECF No. 175.) Following a two-day bench trial held on June 21-22, 2010, in Knoxville, Tennessee, and the receipt of written post-trial briefs, the Court convicted Moncier on one count of criminal contempt of court. See 18 U.S.C. § 401(1) & (3); United States v. Moncier, No. 2:07-cr-00040, 2010 U.S. Dist. LEXIS 118677, at *37 (E.D. Tenn. Nov. 8, 2010). Moncier's Motion alleges three errors by the Court that warrant a new trial or a judgment of acquittal.

Federal Rule of Criminal Procedure 33 permits a convicted defendant to move for a new trial within fourteen days of the entry of the judgment of conviction. Fed. R. Crim. P. 33(b)(2). A court may vacate a judgment if it is in "the interest of

justice." Id. 33(a). Although the interest-of-justice standard is amorphous, the Sixth Circuit has held that Rule 33 allows a new trial whenever a "substantial legal error has occurred." United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010). This includes "any error of sufficient magnitude to require reversal on appeal." Id. (quoting United States v. Wall, 389 F.3d 457, 474 (5th Cir. 2004)). Thus, challenges based on the weight of the evidence are proper, but will only be granted "in the extraordinary circumstance where the evidence preponderates heavily against the [judgment]." United States v. Hughes, 505 F.3d 578, 593 (6th Cir. 2007) (citation omitted).

Moncier's first objection is that the Court incorrectly cited with approval Judge Greer's criticism of Moncier for simultaneously representing defendants Michael Vassar and Harold Grooms, who were implicated in the same drug conspiracy investigation. (Moncier Mot. for a New Trial at 2, ECF No. 175.) ("Moncier Mot.") Moncier argues that the Court thereby implied in its Opinion that he "unethically" operated under "a conflict of interest." (Id.) According to the Motion, that error "likely affected the Court's conclusion concerning the weight of the evidence on the issue of Moncier's intent." (Id.)

The portion of the Opinion Moncier challenges quotes Judge Greer's admonition during the November 17, 2006 hearing that "it's not a good practice for a lawyer to represent

codefendants." Moncier, 2010 U.S. Dist. LEXIS 118677, at *9 (quoting Hearing Tr. at 26).[1]  The Court stated no opinion about whether Moncier violated the Tennessee Rules of Professional Responsibility on conflicts of interests.  See id.; see also Tenn. Sup. Ct. R. 8, RPC 1.7.  The purpose of the challenged section was to recount what occurred at the hearing before Judge Greer.  Whether Moncier's decision to represent simultaneously multiple defendants in the same drug conspiracy created an actual or potential conflict of interest is irrelevant to the question of whether he is guilty of criminal contempt of court. See Moncier, 2010 U.S. Dist. LEXIS 118677, at *31-37 (analyzing the elements of the offense by focusing on Moncier's actions at the November 17, 2006 hearing without mention of whether a conflict actually existed).  The Court found that Judge Greer attempted to question Moncier's client, Michael Vassar, about a potential conflict and that Moncier intentionally obstructed that inquiry.  Id. at *35-36.  Moncier is guilty of contempt because of that intentional obstruction, not because of any conflict of interest.  See id.

Moncier's second argument is that the Court erred in its Opinion by referring to an offer of "immunity" to Vassar. (Moncier Mot. at 2-3.)  The Court found that, during the

---

[1] All references to the Hearing Transcript refer to the transcript of the November 17, 2006 hearing introduced at trial as Government's Exhibit 1.

November 17 hearing, "Judge Greer suggested a compromise whereby a magistrate judge would question Vassar about the contents of the Smith Letter <u>in camera</u> and under seal, with any answer Vassar gave protected by immunity." <u>Moncier</u>, 2010 U.S. Dist. LEXIS 118677, at *8 (citing Hearing Tr. at 17). Moncier asserts that the word "immunity" does not appear in the cited portion of the transcript. (Moncier Mot. at 3.) He also notes that 18 U.S.C. § 6002 provides that a person who has received a grant of immunity may still be prosecuted "for perjury, giving a false statement, or otherwise failing to comply with the" immunity order. (<u>Id.</u>) Because Moncier feared that Vassar was in danger of being prosecuted for perjury, he asserts that no grant of immunity was possible. (<u>Id.</u>)

Moncier is correct that the cited portion of the transcript does not contain the word "immunity." (<u>See</u> Hearing Tr. at 17). Instead, the government offered to "question Mr. Vassar under seal" with the understanding that "the answer cannot be used against him in any criminal prosecution and will not be used against him in his sentencing proceeding." (<u>Id.</u>) That is the <u>definition</u> of immunity. <u>See</u> 18 U.S.C. § 6002. The portion of the statute Moncier cites allows for the prosecution of someone who, <u>while under a grant of immunity</u>, commits perjury. <u>See</u> <u>id.</u> Moncier objected to the offer because he wanted the questioning

4

conducted by another district judge, not a magistrate judge, as Judge Greer and the government suggested. (Hearing Tr. at 17.)

This semantic dispute is ultimately irrelevant because the Court cited the challenged section in its findings of facts for the same reason it cited Judge Greer's comments about Moncier's simultaneous representation of clients: to make an accurate record of what occurred at the November 17, 2006 hearing. Compare Moncier, 2010 U.S. Dist. LEXIS 118677, at *8, with id. at *9. Moncier's Motion cites nothing in the Court's legal analysis referring to an offer of immunity. (See Moncier Mot. at 2-3.) Whether there was an offer of immunity is immaterial to whether Moncier is guilty of criminal contempt. The Court did not find that Moncier obstructed the administration of justice and disobeyed a direct order of Judge Greer because Moncier refused to allow Vassar to consider an offer of immunity. See Moncier, 2010 U.S. Dist. LEXIS 118677, at *31-37. Moncier is guilty of contempt because he prevented Judge Greer from questioning Vassar about a potential conflict. Id. at 35-37. Ninety pages of text separate these two events. (See Hearing Tr. at 17, 106-07.) Because immunity accurately describes one offer considered at the November 17, 2006 hearing and whether immunity was offered is irrelevant to Moncier's conviction, the Court DENIES Moncier's Motion for a New Trial on this ground.

5

Moncier's final argument is that the evidence presented at trial did not prove beyond a reasonable doubt that he had the intent required to be convicted of criminal contempt. (Moncier Mot. at 3-5); see also 18 U.S.C. § 401(1) & (3); In re Smothers, 322 F.3d 438, 441-42 (6th Cir. 2003) (requiring an intentional act of disobedience for conviction under subsection (3)); Vaughn v. City of Flint, 752 F.2d 1160, 1167 (6th Cir. 1985) (requiring "some form of intent to obstruct" to convict under subsection (1)). The Court's Opinion listed with specificity the evidence that demonstrated beyond a reasonable doubt that Moncier acted with the required intent: 1) his repeated interruptions only began once Vassar expressed doubt about wanting Moncier to remain as counsel; 2) Judge Greer's three orders for Moncier to remain silent were unambiguous; 3) Moncier's interjections prevented Vassar from answering about whether Vassar wanted Moncier to continue as his counsel; 4) thus, Moncier achieved his stated goal of preventing Judge Greer from questioning his client despite his objections having been overruled. Moncier, 2010 U.S. Dist. LEXIS 118677, at *33-37. The Court did not find Moncier guilty because he advised his client to disobey an order of the Court. It found Moncier guilty because he disobeyed a direct order of Judge Greer, preventing the hearing from moving forward under any protocol other than the one Moncier advocated. See Maness v. Meyers, 419 U.S. 449, 467 (1976) (noting that

6

"[t]here is a crucial distinction" between holding a party in contempt who actually disobeys a court's order and holding a party in contempt who advises his client to disobey a court's order). The Court OVERRULES Moncier's third assignment of error.

Moncier has failed to demonstrate any substantial legal error or that the interests of justice require a new trial. See Fed. R. Crim. P. 33(a); Munoz, 605 F.3d at 373. His Motion for a New Trial or Judgment of Acquittal is DENIED.

So ordered this 13th day of December, 2010.

                                    s/ Samuel H. Mays, Jr.
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE