IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| v. | ) No. 2:07-CR-40 |
| | ) |
| | ) |
| Herbert S. Moncier | ) |

**Sentencing Memorandum**

*Introduction*

Judge Greer personally observed Mr. Moncier's conduct and was in the best position to determine an appropriate sentence. Mr. Moncier fully served the sentence previously imposed by Judge Greer. No further or additional punishment is necessary or called for in this case. In fact, because of the financial strain that has occurred to his law practice since the events of November 17, 2007 discussed *infra*, Mr. Moncier respectfully requests that this Court consider omitting from his new sentence the $5,000.00 fine previously imposed, which was paid and is being held by the Clerk in this case.

Mr. Moncier adopts and incorporates the personal history related in the Sentencing Memorandum previously filed in this case as if fully restated herein. [Doc. 64]. As this Court is aware, Mr. Moncier acknowledges, with the benefit of the Sixth Circuit's ruling, that his ethical and constitutional justifications for his conduct were mistaken.

Mr. Moncier also adopts and incorporates the attached statement to his probation officer as if fully restated herein.[1]

*Additional Punishment Subsequent To Mr. Moncier's Prior Sentence*

As noted, Mr. Moncier fully served the sentence previously imposed by Judge Greer. In addition to Judge Greer's sentence, on April 29, 2008 Chief District Judge Curtis L. Collier suspended Mr. Moncier from practicing law in the Eastern District for five (5) years with two additional years probation. [*In re Moncier*, 1:08-MC-09, Doc. 69]. This order had the effect of removing Mr. Moncier from approximately 21 federal cases in the Eastern District that had potential attorney fees of approximately $1,000,000.00 or more.

Before Judge Collier's order, Mr. Moncier had a successful and distinguished law practice. Mr. Moncier's suspension from federal practice in the Eastern District carried with it his inability to obtain a certificate of good standing required to appear *pro hoc vice* in federal courts throughout the country and effectively terminated 70% of Mr. Moncier's practice. Mr. Moncier, as of the date of the trial, had borrowed significant amounts of money[2] to maintain his law practice. Mr. Moncier has been required to significantly reduce his overhead in his effort to continue to attempt to practice law. Mr. Moncier now only employees the undersigned, his son and one secretary and an investigator/assistant who works only two days a week and may soon be retiring.

---

[1] Although the attached letter was not designated "Objections of Defendant to Presentence Report," Mr. Moncier followed the other procedures of Local Rule 83.9(c) by timely serving this statement upon the Presentence Officer and the Government.

[2] Due to subsequent receipt of fees this indebtedness has been reduced to approximately $500,000.00.

Mr. Moncier's suspension from federal practice has injured his reputation in the community resulting in Mr. Moncier's law practice being impaired significantly. Simply stated, the sentence imposed by Judge Greer was a relatively small portion of the consequences Mr. Moncier sustained from his conduct on November 17, 2006.

*Comparable Punishments*

The purpose of the federal Sentencing Guidelines is uniformity and proportionality. The *American Bar Association Standards For Imposing Lawyer Sanctions*, made applicable to Mr. Moncier by EDTN LR 83.6,[3] provide further guidance to Mr. Moncier's offense.

The undersigned has been unable to find any contempt case where an attorney has been convicted and sentenced for requesting permission to speak to their client in a criminal case when a judge is questioning the client and when a jury is not present. Nor has the undersigned found any disciplinary case where an attorney has been disciplined for similar conduct.

In the only other criminal contempt of court proceeding in the Eastern District known to the undersigned, attorney James A.H. Bell was found to be in criminal contempt of court for making false statements to the court.[4] *See In re: James A. H. Bell*, EDTN 3:08-mc-00004 Doc. 13 (Filed 08/13/09). In that case, dishonesty to the Court was the offense. Mr. Bell was fined $5,000.00 with no further sentence. *Id. Doc. 13 pages 32-33*.

---

[3] *See Tenn. Sup. Ct. Rule 9, DR 8.4.*

[4] Chief District Judge Collier in disciplining Mr. Moncier discussed an uncited, unnamed case to gauge Mr. Moncier's sentence. *In re Moncier*, 550 F. Supp. 2d 768, 808 (April 29, 29, 2008. To date, however, that case remains unnamed and the file in that case apparently remains under seal.

Chief District Judge Collier then instituted disciplinary proceedings against Mr. Bell. *In re James A.H. Bell*, EDTN 1:10-mc-00002, Doc. 1 (11/17/2009). Judge Collier discussed Mr. Bell's intent as follows:

> Bell's personal belief is that at the time he was arguing prosecutorial misconduct, he believed that he had a good faith basis to do so, but he later learned that he was wrong about his meeting with Joe Cofer. Therefore, Bell cannot truthfully admit that he lacked a good faith basis to make the argument. Notwithstanding Bell's belief, Magistrate Judge Shirley found to the contrary, and Bell accepts the consequences of that finding.

[*Id.*, Doc 2, Filed 12/07/09, Page 2 of 8].

Judge Collier imposed a public admonition as discipline for making false statements to the Court. [Id., Document 9 Filed 04/09/10 Page 2 of 13]

*Atonement*

Mr. Moncier has also testified that although he believed at the time he had a good faith basis for his conduct, he was wrong. Mr. Moncier testified in this case as follows:

> The rule of law in this case, either directly or *sub silentio* by the Sixth Circuit said that I was wrong. I believe in the rule of law. I am sworn to uphold the rule of law. What I firmly honestly believed was furthering and making the administration of law operate in 2006. I was wrong. I made a mistake. Pure and simple, the Sixth Circuit said that when Judge Greer said the words to me -- although I was simply asking for clarification of those words, based upon the Sixth Circuit's ruling, I made a mistake.

[6/21/201 Hearing at page 72].

The following is an excerpt of transcript of the introductory comments of District Judge J. Ronnie Greer at Mr. Moncier's sentencing for criminal contempt of Court on August 27, 2007:

> The Court: . . . A simple statement, Judge, I made a mistake, I'm sorry, would have ended this matter a long

time ago, but for some reason, Mr. Moncier, you're not able to say those words. You're not able to say, I made a mistake.

[August 27, 2007 Sentencing Hearing 2:07-cr-70 Pages 11-12].

On November 17, 2006 attorney John T. Milburn Rogers met with Mr. Moncier after he was taken into custody. Mr. Moncier asked Mr. Rogers to inform Judge Greer that he was only trying to represent his client and that if the manner he conducted myself was considered by District Judge Greer to be inappropriate, he did not intend that to be the case and to express my apology to Judge Greer.

> MR. ROGERS: Before I go on, Your Honor, though I want to make it clear to you that Mr. Moncier has expressed to me in the brief time that I spent with him the fact that he was only trying to make an objection; that he intended no disrespect to the court at that time and that he is very sorry that by, by, by attempting to utter his statement that he violated this Court's order when he felt he was compelled to do so.

[November 17, 2006 2:06-cr-75 Hearing Pages 110-110]

Mr. Moncier testified before District Judge Greer on April 24, 2007 as follows:

> Q. Did you intend any disrespect to the Court at that time?
>
> A. Absolutely Not.

[April 24, 2007 2:07-cr-40 Hearing Page 28]

> MR. MONCIER: . . . [T]o think that I would ever deliberately disobey a lawful order of a court to obstruct a court is something that I have never and I will not do . . .

[April 24, 2007 Hearing 2:07-cr-40 Page 61]

> MR. MONCIER: So I do not intend any disrespect to this Court whatsoever.

[April 24, 2007 Hearing 2:07-cr-40 Page 90]

Mr. Moncier continues in his long-standing and repeated apologies for his mistaken belief that his actions were permitted by his ethical and constitutional duties to Mr. Vassar.

### *Mr. Moncier's Mistaken Beliefs While Not Constituting A Defense Are Material To Sentencing*

Judge Greer had Mr. Moncier's explanations and took those into account. Judge Greer believed that Mr. Moncier could not admit he made a mistake. Now that Mr. Moncier's conduct has been reviewed by the Sixth Circuit and Mr. Moncier's beliefs as to his ethical and constitutional duties have been held to be wrong, Mr. Moncier has no hesitancy in acknowledging he made a mistake.

Mr. Moncier testified that he believed he was ethically required to confer with Mr. Vassar pursuant to Tenn. Sup. Ct. R. 8, RPC 2.1 as Mr. Vassar was being compelled to respond to Judge Greer's statements.[5] Mr. Moncier testified that he believed Tenn. Sup. Ct. R. 8, RPC 8.4(g) permitted him to ask for clarification of Judge Greer's directive. Mr. Moncier testified that he believed that he was exercising Mr. Vassar's Sixth Amendment right to the effective assistance of Counsel by stating objections to Judge Greer's questions and avoiding any waiver of Mr. Vassar's rights on appeal. Mr. Moncier testified he relied on EDTN Local Rule 83.6 that made the Tennessee Supreme Court Rules of Professional Conduct govern his conduct in the

---

[5] Mr. Vassar had no advice of counsel prior to the questioning; Mr. Moncier, after exhausting all other efforts to resolve the potential of a conflict created by prosecutor disclosure of an alleged statement of Mr. Vassar by letter on November 16, 2006, the day before, alleged to have been made by Mr. Vassar in October 2005. Mr. Vassar had twice testified under oath that there were not conflicts between him and Mr. Grooms and was subject to perjury or increased sentence for obstruction of justice. Mr. Vassar was also being subjected to making a non-informed waiver of his constitutional right to counsel of his choice or of conflict free counsel.

federal courts of the Eastern District. Also, by requesting to speak with Mr. Vassar, Mr. Moncier believed he fell within the safe-harbor provided for attorneys representing clients in *Maness v. Meyers,* 419 U.S. 449 (1975).

Chief Judge Collier and the Sixth Circuit held that Judge Greer's directive was absolute and required obedience by Mr. Moncier irrespective of Mr. Moncier's ethical or constitutional duties to Mr. Vassar.

Respectfully, the rulings of Judge Collier and of the Sixth Circuit appear to be of first impression regarding Mr. Moncier's beliefs as to his ethical and constitutional obligations when faced with Judge Greer's directive. Mr. Moncier now has the benefit of Judge Collier's ruling and the Sixth Circuit's ruling. Under the rule of law in this case established by Judge Collier and the Sixth Circuit, Mr. Moncier admits that his personal belief as to his ethical and constitutional duties to Mr. Vassar was mistaken. Mr. Moncier has no hesitancy in saying that he is sorry for his mistaken belief and apologizing to Judge Greer and to this Court.

While not constituting a defense, the fact that Mr. Moncier was acting pursuant to mistaken beliefs as to his ethical and constitutional duties in representing a client is a factor that may be considered material to sentencing.

WHEREFORE, for the foregoing reasons Mr. Moncier respectfully requests that this Court consider omitting from his new sentence the $5,000.00 fine previously imposed, which was paid and is being held by the Clerk in this case.

Respectfully submitted this 2nd day of February, 2010.

          Law Office of Herbert S. Moncier

By:    s/David S. Wigler
        David S. Wigler, BPR# 014525
        Suite 775, Bank of America Center
        550 Main Street
        Knoxville, Tennessee 37902
        (865) 546-7746 - voice
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date above written, a true and correct copy of the foregoing was filed electronically and notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by U.S. Mail.

s/David S. Wigler